United States District Court
Northern District of California

1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7

8   UNITED STATES OF AMERICA,                    Case No.  22-cv-06481-VKD

Petitioner,

9
                                                 **ORDER FINDING RESPONDENT IN
10       v.                                      CIVIL CONTEMPT**

11  JOJI MAE Y DEANG,                            Re: Dkt. No. 16

Respondent.

12
13

14      The United States asks the Court to hold respondent Joji Mae Y Deang, who is

15  representing herself, in civil contempt for failing to comply with its February 13, 2023 order

16  enforcing an Internal Revenue Service ("IRS") summons against her.[1]  Dkt. Nos 14; 16.  The

17  February 13 order directed Ms. Deang to provide the government with the testimony and records

18  identified in the summons by March 1, 2023.  Dkt. No. 14.  The United States reports that Ms.

19  Deang did not provide the information it requested by that date and has not responded to its

20  attempts to contact her.  *See* Dkt. No. 16.  It now asks the Court to find Ms. Deang in contempt

21  and impose sanctions to coerce her compliance with its order.  *Id.*

22      Upon consideration of the United States' motion and arguments, and in view of Ms.

23  Deang's failure to respond or appear as required, the Court finds Ms. Deang is in contempt of the

24  February 13 enforcement order.

25
26
27

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 3, 8.

28

United States District Court
Northern District of California

1    **I.     BACKGROUND**

2           On October 25, 2022, the United States filed a petition to enforce an IRS summons against

3    Ms. Deang.  Dkt. No. 1.  The summons commanded Ms. Deang to appear before an IRS Revenue

4    Officer to give testimony and to produce the following information:

5                  All documents and records you possess or control regarding assets,
                   liability, or accounts held in the taxpayer's name or for the taxpayer's
6                  benefit which the taxpayer wholly or partially owns, or in which the
                   taxpayer has a security interest.  These records and documents include
7                  but are not limited to:  all bank statements, checkbooks, canceled
                   checks, saving account passbooks, records or certificates of deposit
8                  for the period:

9                  From 12/01/2021 To 02/28/2022

10                 Also include all current vehicle registration certificates, deeds or
                   contracts regarding real property, stocks and bonds, accounts, stored
11                 value cards, online and mobile accounts, virtual currency, notes and
                   judgments receivable, and all life or health insurance policies.
12

13   Dkt. No. 1, Ex. A.

14          The Court held a hearing on the petition on January 10, 2023 at which Ms. Deang appeared

15   along with her husband Louie Deang.  Dkt. No. 7.  After the hearing, Ms. Deang produced some

16   documents and information to the government.  Dkt. No. 14 at 1-2.

17          On January 12, 2023 IRS Revenue Officer Phillip Carrillo sent Ms. Deang a letter seeking

18   "additional information related to a large cash deposit to Respondent's bank in the United States in

19   November 2022 that was immediately transferred to a bank in the Philippines."  Dkt. No. 12 at 1

20   & Ex. A.  Ms. Deang did not supply the requested information.  Dkt. No. 14 at 1.

21          On February 13, 2023 the Court issued an order granting the United States' petition to

22   enforce the IRS summons.  *See id.*  However, it questioned whether some of the information the

23   government sought in its January 12, 2023 letter fell outside the scope of the summons.  *Id.* at 2-3.

24   The enforcement order directed Ms. Deang to appear in person before an IRS revenue officer on

25   March 1, 2023 and to provide testimony and records within the scope of the summons, unless the

26   parties agreed otherwise.  *Id.* at 3.

27          On May 16, 2023, the United States filed the present motion asking the Court to issue an

28   order to show cause why Ms. Deang should not be held in civil contempt.  Dkt. No. 16.  The

United States District Court
Northern District of California

1    motion is supported by declarations from Revenue Officer Carrillo and Assistant U.S. Attorney

2    Emmett Ong.  Dkt. Nos. 16-1, 16-2.  Officer Carrillo attests that Ms. Deang did not appear as

3    ordered on March 1 to testify and produce records, nor did she communicate with him regarding

4    an extension.  Dkt. No. 16-1 ¶ 4.  Mr. Ong attests that Ms. Deang "authorized her husband to

5    communicate directly with [him] regarding the summons."  Dkt. No. 16-2 ¶ 2.  According to Mr.

6    Ong, he emailed a copy of Officer Carrillo's January 12 letter to Mr. Deang on January 18, 2023,

7    and Mr. Deang responded by email that "he just boarded a flight to the Philippines" and would

8    address the matter when he landed.  *Id.* ¶¶ 3-4.  After Ms. Deang failed to appear before the IRS

9    revenue officer on March 1, 2023, Mr. Ong says he sent her a letter, a copy of which was emailed

10   to Mr. Deang, offering to give Ms. Deang until March 10, 2023 to voluntarily comply with the

11   Court's enforcement order.  *Id.* ¶ 5.  Mr. Ong attests that he made "at least seven attempts" to

12   contact the Deangs since January 19, 2023, but received no further communications from them as

13   of the date the United States filed its motion.  *Id.* ¶ 4.

14          At the United States' request, the Court issued an order to show cause on July 18, 2023

15   directing Ms. Deang to respond to the order and appear at a hearing on August 29, 2023.  Dkt. No.

16   20.  Ms. Deang did not respond to the order or appear at the hearing.  Dkt. No. 22.

17          At the hearing, Mr. Ong advised the Court that he had additional communications with the

18   Deangs after the United States filed its motion and at one point the parties agreed on a date in

19   early August for Ms. Deang to appear before an IRS revenue officer.  However, Mr. Ong stated

20   that neither Ms. Deang nor her husband confirmed she would appear on the agreed date and she

21   has not appeared to testify nor produced any additional information responsive to the summons.

22   *See* Dkt. No. 22.

23   **II.    LEGAL STANDARD**

24          A district court has the inherent authority to enforce compliance with its orders through a

25   civil contempt proceeding.  *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S.

26   821, 831 (1994).  When a court finds a party in civil contempt, it may impose "penalties designed

27   to compel future compliance with [its] order" that are "coercive and avoidable through

28   obedience."  *Id.* at 827.

United States District Court
Northern District of California

1   The party seeking a finding of contempt bears the burden of proving by clear and

2   convincing evidence that (1) the contemnor violated a court order, (2) the violation was more than

3   technical or *de minimis*, and (3) the contemnor's conduct was not based on a good faith and

4   reasonable interpretation of the order. *United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010).

5   Here, "[o]nce the government has established a prima facie case of contempt, a taxpayer may

6   avoid sanctions by demonstrating a present inability to comply with the enforcement order." *Id.* at

7   695. However, the taxpayer may not relitigate issues with the underlying enforcement order. *Id.*

8   at 694; *see also United States v. Rylander*, 460 U.S. 752, 756 (1983) (quoting *Maggio v. Zeitz*, 333

9   U.S. 56, 69 (1948)) ("It would be a disservice to the law if we were to depart from the long-

10  standing rule that a contempt proceeding does not open to reconsideration the legal or factual basis

11  of the order alleged to have been disobeyed.").

12      "[A] finding of contempt must be accompanied by conditions by which contempt may be

13  purged." *Bright*, 596 F.3d at 696 (9th Cir. 2010). "[A]lthough the district court generally must

14  impose the minimum sanction necessary to secure compliance, the district court retains discretion

15  to establish appropriate sanctions." *Id.* (cleaned up). "[I]n determining how large a coercive

16  sanction should be the court should consider the character and magnitude of the harm threatened

17  by continued contumacy, and the probable effectiveness of any suggested sanction." *Gen. Signal*

18  *Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986). Per diem fines and incarceration

19  until the contemnor purges their contempt are "paradigmatic coercive, civil sanctions." *Bagwell*,

20  512 U.S. at 828-29.

21      The district court has the authority to issue a bench warrant for the alleged contemnor's

22  arrest if necessary to enforce compliance. *See Rylander*, 460 U.S. at 761-62. "[T]o be

23  constitutional, [the contemnor's] confinement must bear some reasonable relationship to the

24  purpose for which he [or she] was committed." *Lambert v. State of Mont.*, 545 F.2d 87, 91 (9th

25  Cir. 1976). The contemnor must be released if the court determines that the confinement no

26  longer has any coercive effect and has become punitive. *See id.*

27  **III.   DISCUSSION**

28      The United States has shown by clear and convincing evidence that Ms. Deang did not

4

United States District Court
Northern District of California

1   comply with the Court's February 13 enforcement order.  That order directed Ms. Deang to

2   provide the government with testimony and records on March 1, 2023, unless the parties came to a

3   different agreement.  Dkt. No. 14 at 3.  Officer Castillo attests that Ms. Deang did not appear as

4   ordered on March 1, nor did she provide any excuse.  Dkt. No. 16-1 ¶ 4.  Mr. Ong attests that he

5   attempted to make arrangements with Ms. Deang and her husband to obtain her compliance, but

6   was unsuccessful in his efforts because they did not respond to his communications.  Dkt. No. 16-

7   2 ¶¶ 2-5.

8          The United States also has shown by clear and convincing evidence that Ms. Deang's non-

9   compliance was "more than technical or *de minimis*" violation of the enforcement order because

10  "the IRS cannot resolve the investigation into the collectability of Respondent's tax liability

11  without the testimony and documents requested by the summons."  *In re Dual-Deck Video*

12  *Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993); Dkt. No. 16 at 8.  *See also*

13  Dkt. No. 1 ¶ 7.  The Court agrees.  While Ms. Deang produced some responsive documents in

14  January 2023, she failed to appear to testify on March 1, 2023 as ordered.

15         Finally, the United States has shown by clear and convincing evidence that Ms. Deang's

16  violation was "not based on a good faith and reasonable interpretation of the order."  *Bright*, 596

17  F.3d at 694.  The February 13 enforcement order clearly required that Ms. Deang "to appear on

18  March 1, 2023 before IRS Revenue Officer Phillip Carrillo at 450 Golden Gate Avenue, 6th Floor,

19  San Francisco, CA 94102 at 9:00 a.m., to provide the testimony and records requested in the

20  summons, unless the parties agree otherwise."  Dkt. No. 14 at 3.  Nothing in the record suggests

21  that Ms. Deang did not understand her obligations, and she has not offered any excuse.

22         Accordingly, the Court finds Ms. Deang in contempt of its February 13 enforcement order.

23  *See Bright*, 596 F.3d at 694*; United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999).  This

24  contempt finding is limited to Ms. Deang's failure to testify to the subject matter described in the

25  IRS summons.  *See* Dkt. No. 14 at 2-3.  The summons requires Ms. Deang "to give testimony and

26  to bring for examination the following information related to the collection of the tax liability of

27  the person identified above for the periods shown."  Dkt. No. 1, Ex. A.  In the portion of the

28  summons that appears above this text there is a line labeled "Periods" followed by the text "Form

United States District Court
Northern District of California

1  1040 for the calendar period ending December 31, 2012." *Id.* Thus, the summons requires Ms.

2  Deang "to give testimony" "related to the collection of [her] tax liability" for the "Form 1040 for

3  the calendar period ending December 31, 2012." She did not comply with this obligation as

4  ordered.

5        The Court does not hold Ms. Deang in contempt for failing to produce records. The

6  summons requires Ms. Deang to "bring for examination" specific records, including "all bank

7  statements," "for the period[] [f]rom 12/01/2021 [t]o 02/28/2022," in addition to "all current

8  vehicle registration certificates, deeds or contracts regarding real property, stocks and bonds,

9  accounts, stored value cards, online and mobile accounts, virtual currency, notes and judgments

10  receivable, and all life or health insurance policies." *Id.* The United States contends that Ms.

11  Deang failed to comply with the document production portion of the summons by failing to

12  produce "monthly or periodic statements, or any other information, regarding any account she

13  holds or held at [a Philippine bank]." Dkt. No. 16 at 4. The IRS sought this information as part of

14  its inquiry into a November 2022 transfer of a large cash deposit to a bank in the Philippines. *See*

15  *id*; Dkt. No. 16-1, Ex. B. The November 2022 transaction falls outside the period for which

16  records were requested in the summons—i.e., 12/01/2021 to 02/28/2022. While information about

17  the account itself may be within the scope of the summons, the bank statements requested in

18  Officer Carrillo's January 12, 2023 letter appear to be outside its scope. In these circumstances,

19  the Court's enforcement order did not clearly indicate which of the documents the IRS sought

20  *were* within the scope of the summons. Accordingly, the Court does not hold Ms. Deang in

21  contempt for failing to produce these bank statements. *See United States v. Lui*, No. 16-CV-

22  00969-JST, 2018 WL 1863017, at *3 (N.D. Cal. Apr. 18, 2018) ("The Court did not order Lui to

23  answer those questions, and he cannot be held in contempt for not answering them.").

24        The Court's decision on this motion for contempt is without prejudice to the United States

25  applying for a further enforcement order with respect to any missing documents within the scope

26  of the summons.

27

28

United States District Court
Northern District of California

**IV.    ORDER**

1.    The Court finds Ms. Deang in civil contempt of its February 13, 2023 enforcement order for the reasons described above.

2.    Ms. Deang may purge the contempt by appearing before an IRS Revenue Officer to give testimony responsive to the IRS summons described in the Court's February 12, 2023 enforcement order **on or before October 10, 2023**.  *See* Dkt. No. 14 at 2.  The United States shall give Ms. Deang at least five calendar days' notice of the date, time, and location of her testimony.

3.    If Ms. Deang does not appear to give testimony on or before October 10, 2023, she will be subject to a fine of $250 per day for every day that she does not comply.  The fine is payable to the Clerk of Court, United States District Court for the Northern District of California.  The fines will accrue for 21 days beginning on **October 11, 2023.**

4.    If Ms. Deang does not appear to give testimony by the end of the 21-day fine period, the Court will issue a bench warrant for her arrest.  In that event, Ms. Deang will be subject to coercive confinement until she gives testimony or until she has been confined for five days, whichever is sooner.  The Court finds that Ms. Deang's continued confinement for more than five days would not have any coercive effect.

5.    The United States must personally serve Ms. Deang, and not some other person, with a copy of this order and with notice of the date, time, and location of her testimony, and thereafter must file proof of service with the Court.

**IT IS SO ORDERED.**

Dated: September 11, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge

7